IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE TATE,)
)
       Plaintiff,)
)
  -vs-) Civil Action No. 13-146
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
       Defendant.)

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8, 12, 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 7) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed applications for benefits on January 7, 2010, alleging he had been disabled since November 26, 2008. (ECF Nos. 6-5, p. 2). Administrative Law Judge ("ALJ"), James J. Pileggi, held a hearing on June 9, 2011. (ECF No. 6-2, pp. 39-66). On July 12, 2011, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 17-24). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 11). The issues are now ripe for review.

1

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Medical Evidence</u>

Plaintiff argues that the ALJ erred in finding an RFC inconsistent with the three unrebutted and uncontradicted medical opinions rendered by Plaintiff's treating doctors. (ECF No. 8, pp. 5-8; No. 13, pp. 3-4; No. 15, pp. 1-3). To that end, Plaintiff asserts that the ALJ wrongly disregarded/rejected the opinions of Drs. Bingham, Rai and Urban when they were in unanimous support of Plaintiff. *Id.* After a review of the evidence, I disagree with Plaintiff. To begin with, the ALJ gave "great weight" to the opinions of Dr. Rai and Dr. Urban. (ECF No. 6-2, p. 23). Thus, the ALJ did not disregard/ reject the opinions of Dr. Rai and Dr. Urban as Plaintiff suggests.[1]

With regard to Dr. Bingham, the amount of weight accorded to a physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect

---

[1] Plaintiff makes the additional argument that the ALJ completely failed to consider some of the medical records of Dr. Urban. I will consider this argument in the next section.

expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

In this case, there is substantial evidence of record to support the ALJ giving little weight to the opinion of Dr. Bingham. To begin with, Dr. Bingham's records are internally inconsistent. (ECF No. 6-8, pp. 2-38). Moreover, Dr. Bingham's opinion that Plaintiff cannot return to work is inconsistent with Dr. Rai's that Plaintiff had no restrictions and could work the maximum number of hours and days per week necessary. (ECF No. 6-7, p. 48). Dr. Rai further stated that she would "not keep him off work. I am not even sure if Bruce has a kind of pain that he reports that he has." (ECF No. 6-7, p. 8). Thus, the ALJ properly weighed the conflicting opinion evidence. Therefore, I find no error in this regard.

### C. **Failure to discuss medical records**

RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §§404.1545(a)(3), 416.945(a). While "[t]he ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, [he must] provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper." (ECF No. 10, p. 9, *citing, Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008)).

4

While the ALJ gave "great weight" to the opinion of Dr. Urban, Plaintiff's treating psychologist (ECF No. 6-2, p. 23, citing only the opinions of Dr. Urban at Exhibit 5F), Plaintiff argues the ALJ failed to cite, discuss or even acknowledge the medical opinions of Dr. Urban[2] that are set forth in Exhibit 8F. (ECF No. 8, pp. 8-12; No. 13, pp. 1-3). After a review of the record, I agree with Plaintiff that the ALJ completely failed to mention the opinions set forth in Exhibit 8F (ECF No. 6-9, pp. 2-6). *See*, ECF No. 6-2, pp. 17-24.

In Exhibit 8F, Dr. Urban sets forth his Medical Source Statement – Regarding the Nature and Severity of Plaintiff's Mental Impairments. (ECF No. 6-9, pp. 4-6). Dr. Urban finds Plaintiff markedly limited in a number of areas and moderately limited in others. *Id.* The ALJ does not mention this assessment at all or how it factored into his decision of Plaintiff's work-related abilities and limitations. "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). The complete failure to discuss this medical evidence prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted for further consideration.[3]

### D. **Non-Severe Medical Impairments**

Plaintiff argues that the ALJ erred by finding Plaintiff's diabetes mellitus to be a "non-severe" medical impairment. (ECF No. 8, pp. 12-14). A review of the ALJ's opinion

---

[2] While the ALJ referenced Dr. Urban's opinions of November 2, 2010 (ECF No. 6-7, pp. 63-64), Plaintiff submits that the ALJ never referenced Dr. Urban's opinions in Exhibit 8F (ECF No. 6-9, pp. 2-6). I agree.

3 I note that the ALJ states that Plaintiff has a GAF score of 60 which is "indicative of only minor symptoms." (ECF No. 6-2, p. 22). This is an incorrect statement. A GAF score of 60 indicates moderate symptoms and difficulty in social, occupational, or school functioning. Diagnostic and Statistical Manual of Mental Disorders, ("DSM–IV TR") 34 (4th ed. 2000). Consequently, the implication of Plaintiff's GAF score should be revisited on remand as well.

reveals, however, that the ALJ held Plaintiff's diabetes mellitus to be severe. (ECF No. 6-2, p. 19). As a result, I find this argument to be misplaced.

### E. **Plaintiff's credibility**

Plaintiff next asserts that the ALJ erred in assessing Plaintiff's credibility. (ECF No. 8, p. 14). An ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

To support his position, Plaintiff argues that the ALJ fails to explain how the following statement casts doubt on Plaintiff's credibility: "Despite the claimant's testimony that he uses 8 tablets of hydrocodone daily to manage his back pain, the records of the claimant's pain management specialist cast doubt on this testimony." (ECF No. 8, p. 14). After a review of the record, I disagree. The ALJ's opinion goes on to cite "Exhibit 6F/29." (ECF No. 6-2, p. 22). Exhibit 6F/29 is the results of a test on a specimen given by Plaintiff. (ECF No. 6-8, p. 30). Therein, it indicates that hydrocodone was not detected in the specimen, "which is inconsistent with the reported prescription" (ECF No. 6-8, p. 30) and the Plaintiff's testimony. I do not find any further explanation was necessary. The ALJ's finding is supported by substantial evidence. *Id.* Thus, I find no error in this regard.

Additionally, Plaintiff argues that the ALJ erred in making the following statement: "A Magnetic Resonance Imagining (MRI) scan of the claimant's lumbar spine in November, 2009, showed a bulging disc at L5-S1 but no evidence of herniation." (ECF No. 6-2, p. 22). Plaintiff states that the ALJ was not in a position to opine that a disc bulge does not support Mr. Tate's

6

complaints of pain, but a disc herniation would. (ECF No. 8, p. 14). A review of the record reveals that the ALJ merely restated what the record provides – that there was no herniation. (ECF No. 6-7, p. 4). Substantial evidence supports this statement. *Id.* Thus, I find no error in this regard.

Finally, Plaintiff argues the ALJ erred in making the following statement: "Despite the claimant's complaints of neck pain, x-rays of the claimant's cervical spine in December, 2009, showed no acute cervical spinal fracture or significant arthritic change." (ECF No. 6-2, p. 22). Plaintiff submits that to hold Plaintiff to legal standard that arthritis must be "significant" and/or must have fractured bones is erroneous. (ECF No. 8, p. 14). A review of the record reveals, however, that the ALJ was merely restating the impression set forth in the medical record, not setting a legal standard. *See,* ECF No. 6-8, p. 56. Substantial evidence supports the ALJ's statement. *Id.* Thus, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE TATE, )
)
        Plaintiff, )
)
-vs- )   Civil Action No. 13-146
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 4th day of April, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

                       BY THE COURT:

                       s/ Donetta W. Ambrose
                       Donetta W. Ambrose
                       United States Senior District Judge